IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT JULIUS CHATMAN,

   Plaintiff,       No. CIV S-07-2803 MCE JFM PS

  vs.

LAURA KUZMAN, dba 1st
American Card Service,

              ORDER AND

   Defendant.      FINDINGS & RECOMMENDATIONS

_____/

   Plaintiff is proceeding in this action pro se. On January 18, 2008, plaintiff was ordered to submit either a completed application to proceed in forma pauperis or pay the appropriate filing fee. On January 23, 2008, plaintiff paid the filing fee. On February 20, 2008, plaintiff filed a request that the court order the U.S. Marshal to execute service of process on defendants and he would pay whatever service fee was required.

   The court has reviewed plaintiff's complaint and determined that plaintiff has failed to state a basis for this court's jurisdiction. "[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." Fiedler v. Clark, 714 F.2d 77, 78 (9th Cir.1983) (citing Mansfield, Coldwater & Lake Mich. R.y. Co. v. Swan, 111 U.S. 379, 382 (1884)); see Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1342 (9th Cir.1981) (same). "While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is

1

1  not so when the dismissal is for lack of subject matter jurisdiction." Scholastic Entm't, Inc. v.
2  Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir.2003) (citations omitted); see Fed. R. Civ. P.
3  12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks
4  jurisdiction of the subject matter, the court shall dismiss the action.").

5  "Federal courts are courts of limited jurisdiction.  They possess only that power
6  authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.
7  375, 377 (1994).  This Court has jurisdiction to hear and decide a case only if the complaint
8  alleges violation of a federal statute or alleges a controversy between parties who are citizens of
9  different states and the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1331 ("The
10 district courts shall have original jurisdiction of all civil actions arising under the Constitution,
11 laws, or treaties of the United States."); 28 U.S.C. § 1332(a) ("The district courts shall have
12 original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value
13 of $75,000 . . . and is between-(1) citizens of different States[.]").

14 Contrary to the requirements of Rule 8, plaintiff's complaint does not contain a
15 statement of the court's jurisdiction. See Fed. R. Civ. P. 8(a) ("A pleading . . . shall contain (1) a
16 short and plain statement of the grounds upon which the court's jurisdiction depends[.]").  Nor do
17 the allegations of the complaint suggest that such jurisdiction exists.

18 Accordingly, this court will order that plaintiff's filing fee be returned to him and
19 will recommend that this complaint be dismissed without prejudice for lack of jurisdiction.[1]

20 Good cause appearing, IT IS HEREBY ORDERED that:
21 1.  Plaintiff's February 20, 2008 request is denied.
22 2.  The June 12, 2008 status conference is vacated.
23 /////
24

---

25 [1] Because plaintiff's grievance in his complaint appears to be purely of a local nature and one that does not raise issues of federal law, the court is dismissing the complaint without
26 leave to amend.  Plaintiff may wish to file a small claims court action in state court.

2

3. The Clerk of the Court shall reimburse plaintiff the $350.00 filing fee. A copy of this order shall be served on the court's financial department.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. Fed. R. Civ. P. 12(h).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 27, 2008.

UNITED STATES MAGISTRATE JUDGE

/001;chatman.dsm